The Honorable Mike Wilson State Representative P O Box 5269 Jacksonville, AR 72076
Dear Representative Wilson:
This is in response to your request for an opinion on the following questions regarding Act 419 of 1977, as amended, which is codified as A.C.A. 20-25-101 et seq. (The "Arkansas Manufactured Homes Standards Act"):
 1. Can the Arkansas Mobile Home Commission require the operator of a mobile home park to obtain a dealer's or salesman's license or other type of certification before it can sell one or more mobile homes that it might wish to phase out of its mobile home park operation?
 2. Can the Arkansas Mobile Home Commission prohibit a mobile home park operator from contracting with a licensed mobile home dealer or salesman to sell mobile homes owned by the operator? If there is no such prohibition, can that dealer hired by the operator sell those mobile homes without relocating them to the dealer's sales lot?
 3. What effect does the Act have on the authority of a mobile home park operator to sell its mobile homes?
The answer to your first question will, in my opinion, depend upon the particular facts and circumstances surrounding the mobile home park operator's sales activities.
Relevant to your inquiry is the definition of "Dealer" under Section 20-25-102(24), which states:
 `Dealer' means any person in the business of accepting on consignment, buying for resale, selling, or exchanging manufactured homes or offering them to the public for sale, exchange, or lease-purchase, whether for himself or on behalf of any other person not certified as a dealer under this chapter[.]
The sales activities of a mobile home park operator could, conceivably, bring him within the definition of a "dealer" or "salesman" for purposes of Section 20-25-101 et seq., thereby subjecting him to licensing and certification requirements set by the Commission. It is difficult, however, to address the question in the absence of reference to a time frame within which the sales occur, and in the context of other specific facts and circumstances surrounding the sale(s). While it must of course be recognized that the Arkansas Manufactured Home Commission ("Commission") does not have authority "with respect to the operation and maintenance of manufactured home parks" (A.C.A. 20-25-103), it should also be noted that a mobile home park operator could, by virtue of the sale(s), be a "dealer" and therefore subject to licensure by the Commission. This is a factual question which must be addressed by the Commission on a case by case basis.
It is my opinion that the answer to the first part of your second question is, generally, "no". Indeed, this activity appears to be contemplated under Section 20-25-102, where the definition of "dealer" includes "any person in the business of accepting on consignment, buying for resale, selling, or exchanging manufactured homes . . . whether for himself or on behalf of any other person not certified as a dealer under this chapter." A.C.A.20-25-102(4).
With regard to the second part of your second question, there appears to be no general requirement that the mobile homes be relocated. The Rules and Regulations for Manufactured Homes (April 1, 1989) must, however, be considered wherein the section governing Certification of Dealers states: "For certification and compliance purposes, each noncontiguous dealer location shall be considered a separate entity and adhere to all requirements for dealer certification." Rules and Regulations, Section VII C. This regulation would, in my opinion, apply if the homes are sold from the mobile home park.
In response to your third question, as previously noted Section20-25-103 states that nothing in the Arkansas Manufactured Homes Standards Act shall be construed to give the Commission ". . . any authority with respect to the operation and maintenance of manufactured home parks in this state." If, however, the park operator falls within the definition of "dealer", the Commission will have regulatory authority.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.